No. 702

SAND v. INDUSTRIAL COMMISSION, et.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2954. Decided Feb. 7, 1927.

631. INDUSTRIAL COMMISSION—Where commission did, in fact, grant rehearing after 30 days elapsed after action denying right to participate, it cannot later find "that a rehearing be denied."

Error to Common Pleas.

Judgment reversed.

First Publication of this Opinion.

HAMILTON, J.

On August 8, 1924, the claim of Rosa Sand, plaintiff in error herein, for an award on account of alleged dependency upon her son, Frank Hairston, who was killed in the course of his employment, was denied on the ground that she was not dependent.

On October 16, 1924, the claimant, Rosa Sand, made an application for a rehearing, accompanied by a number of affidavits. This was more than 30 days after a denial of any award on account of dependency, as rendered August 8, 1924. The record of the Industrial Commission shows: "The application for rehearing was again considered by the Commission and the recommendation that the claim be referred for oral hearing on the question of dependency was adopted. Such hearing was conducted by the undersigned at Cincinnati."

On December 8, 1924, the Commission notified Mrs. Sand that her claim was heard on December 5th, and that the case is assigned for oral hearing on the question of dependency. On December 9th, the Commission notified the Claims Referee to arrange for an oral hearing. On February 9, 1925, the Commission wrote Mrs. Sand and the The Scholl Grain Company, the employer, advising them that there would be a hearing on the question of dependency on February 25th at 1:30 P. M., and that they should arrange for the attendance of witnesses, etc. On February 17, 1925, the Commission wrote Mrs. Sand and the Grain Company, advising them that the hearing would be conducted on February 27th, at 8:30 A. M. instead of February 25th as previously announced.

The record shows that on February 27, 1925, the hearing was had, before Mr. Monahan, Referee, at Cincinnati, Ohio, in regard to the claim. Claimant was present with counsel, and several witnesses called and examined, making a voluminous record.

The record shows that on December 5, 1924, the Referee, Mr. Monahan, recommended that this claim be referred for oral hearing, on the question of dependency, that recommendation was adopted by the Commission, all Commissioners voting "aye."

On March 26th, the Referee made his report to the Commission, and made the recommendation: "That a rehearing be denied."

On June 5, 1925, and June 11, 1925, both dates being named in the record of proceedings, the Commission voted unanimously to adopt the recommendation of the Referee, and from that finding, the claimant, on June 24th, filed an appeal in the Court of Common Pleas.

The case was presented to the trial court, who dismissed the appeal on the ground that the appeal was not filed in time fixed by statute, and that the Court was without jurisdiction in the premises. From that judgment, error is prosecuted to this court.

The record discloses a peculiar situation in the action of the Commission. As above stated, in this opinion, the Commission, which possessed the power to grant a rehearing, after thirty days elapsed from the action denying the right to participate, did in fact grant a rehearing, as shown by the record of the Commission, the letters and notices sent out to claimant and the Referee, and all action was taken and a full rehearing was had. The finding of the Commission on July 5 or 11, 1925, is in the form "that a rehearing be denied." The finding is clearly inconsistent with the action taken, and the only construction to be placed upon the action of the Commission is a final action denying the right of the claimant to participate. The Commission will not be heard to say that they deny a rehearing, which is contrary to their own record, and contrary to the facts, and putting their finding in the form that they did can but be a wording for the purpose of defeating an appeal.

We therefore, hold the finding of June 5, or 11, 1925, is the final action of the Commission in this case, and the filing of the appeal on June 24th, clothed the court of Common Pleas with jurisdiction to hear the case.

The judgment of the Court of Common Pleas will be reversed, and the cause remanded to that court for further proceedings.

(Buchwalter, PJ., and Cushing, J., concur.)

Attorneys—John W. Cowell for Sand; Chas. P. Taft, Pros. Atty. and Dudley M. Outcalt, Asst. Pros. Atty. for Industrial Commission; all of Cincinnati.